**ORDERED.**

**Dated:  July 06, 2023**

Jacob A. Brown
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

                                          Case No. 3:22-bk-1860-JAB

Spiderman Scott Mulholland
and Tina Marie Mulholland,

       Debtors.
_____/

                                     Chapter 7

Aaron R. Cohen, Chapter 7 Trustee,

       Plaintiff,

v.

                                Adv. Pro. No. 3:22-ap-00081-JAB

Rebekka Trahan, Florida Appeals and Trial
Support, P.A., d/b/a Florida Appeals,
ChildersLaw LLC, and Mateer & Harbert, P.A.,

       Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF PLAINTIFF'S COMPLAINT

This Adversary Proceeding is before the Court on Plaintiff, Chapter 7 Trustee Aaron R. Cohen's *Motion for Summary Judgment*[1] (the "Motion") filed on March 30, 2023, *Defendant Rebekka Trahan's Response and Objection to Motion for Summary Judgment*[2] (the "Response") filed on April 13, 2023, and *Plaintiff's Reply to Defendant Rebekka Trahan's Response and Objection to Motion for Summary Judgment*[3] (the "Reply") filed on April 27, 2023.

As a preliminary matter, the Court notes that Defendant Rebekka Trahan ("Trahan") filed a cross claim and counterclaim in response to Plaintiff's Complaint.[4] Trahan's arguments and the responsive pleadings[5] are subsumed in the Motion and responsive documents and are thus resolved by this Order.

Upon consideration of the Motion, the Response, the Reply, the summary judgment evidence presented by Plaintiff, and applicable law, the Court finds the Motion should be granted and judgment entered in favor of Plaintiff as to Count I of Plaintiff's Complaint.

---

[1] Adv. Doc. 74.
[2] Adv. Doc. 77.
[3] Adv. Doc. 84.
[4] Adv. Doc. 15.
[5] Adv. Docs. 32, 35, 37.

## SUMMARY JUDGMENT STANDARD

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Fed. R. Civ. P. 56(c).[6] Rule 56 of the Federal Rules of Civil Procedure is applicable to adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] The Court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant.[8] The Court should grant the motion if the pleadings, together with supporting materials in the record, show that the movant is entitled to judgment as a matter of law.[9]

The party moving for summary judgment "always bears the initial responsibility of informing the court of the basis for its motion."[10] This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.[11] If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish — with evidence beyond the pleadings — that a genuine dispute material to each of its claims for relief exists.[12]

---

[6] Fed. R. Civ. P. 56(c) states in relevant part, as follows:
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

[7] Fed. R. Civ. P. 56(a).

[8] *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

[9] *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

[11] *Id.*

[12] *Id.* at 324.

There is no genuine issue of material fact if the nonmoving party has produced no evidence such that a reasonable factfinder could return a verdict in its favor.[13] "The modern standard requires more than a 'mere scintilla' of favorable evidence."[14] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."[15] Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and do not preclude summary judgment.[16]

## FINDINGS OF FACT[17]

On August 23, 2018, Trahan obtained a judgment against Spiderman Scott Mulholland and Tina Marie Mulholland (the "Debtors") in the amount of $4,643,000 (the "Judgment") in Case Number 2015-CA-004247 in the Circuit Court for the Eighth Judicial Circuit, in and for Alachua County (the "State Court Action").[18] On October

[13] *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

[14] *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

[15] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

[16] *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997) (*per curiam*).

[17] Findings of fact and conclusions of law set forth herein are made in accordance with Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52. Furthermore, the Court takes judicial notice of Trahan's Claim (as defined below), two compromise motions filed by Plaintiff and corresponding orders granting those motions in the underlying bankruptcy case, and other filings in the Prior Bankruptcy Case and the Main Case (as defined below). *See* Fed. R. Evid. 201. "The Court may… take judicial notice of pleadings or orders filed in the main bankruptcy case in which the adversary proceeding was filed." *Mehdipour v. Anchor Commer. Bank (In re Chariots of Palm Beach, Inc.)*, 2019 WL 4744900, at *2 (Bankr. S.D. Fla. Sept. 27, 2019). "Courts may take judicial notice of public records including proceedings in its own docket…" *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 564-65 (Bankr. S.D. Fla. 2010) (citing *Universal Express, Inc. v. United States Sec. and Exch. Comm'n*, 177 F. App'x 52, 53-54 (11th Cir. 2006)).

[18] Compl., Adv. Doc. 1 ¶ 10; Answer, Cross Claim, Counterclaim and Affirmative Defenses of Rebekka Trahan, Adv. Doc. 15 ¶ 10; Answer and Affirmative Defenses of ChildersLaw

4

8, 2018, Trahan filed an Electronic Judgment Lien Certificate with the Florida Secretary of State which created a judgment lien on all of the Debtors' personal property subject to execution under Florida law (the "Judgment Lien").[19] Trahan is the Debtors' daughter.[20] On April 20, 2020, the Judgment was affirmed by Florida's First District Court of Appeal and is a final, non-appealable judgment.[21]

On November 24, 2018, the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Spiderman Scott Mulholland and Tina Marie Mulholland*, Case No: 3:18-bk-04096-JAF (the "Prior Bankruptcy Case").[22] On June 19, 2019, the Debtors filed an application in the Prior Bankruptcy Case to employ Mateer & Harbert, P.A. (the "Mateer Firm") to pursue claims against their counsel in the State Court Action for legal malpractice (the "Malpractice Claim"),[23] which was granted by the Court on June 20, 2019.[24]

---

LLC, Adv. Doc. 34 ¶ 10; Answer and Affirmative Defenses of Florida Appeals and Trial Support, P.A., Adv. Doc. 36 ¶ 10.

[19] Adv. Doc. 74, Pl.'s Ex. A. *See* Fla. Stat. § 55.202(2) stating: "A judgment lien may be acquired on a judgment debtor's interest in all personal property in this state subject to execution under s. 56.061, other than fixtures, money, negotiable instruments, and mortgages."

[20] Adv. Doc. 1 ¶ 11; Adv. Doc. 15 ¶ 11; Adv. Doc. 34 ¶ 11; Adv. Doc. 36 ¶ 11.

[21] Adv. Doc. 1, ¶ 12; Adv. Doc. 15 ¶ 12; Adv. Doc. 34 ¶ 12; Adv. Doc. 36 ¶ 12. On May 19, 2013, the Court entered a judgment finding the remaining balance under the Judgment to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) in the adversary proceeding styled: *Trahan v. Mulholland*, Adv. Pro. No. 3:22-ap-00066-JAB.

[22] Adv. Doc. 1, ¶ 15; Adv. Doc. 15 ¶ 15; Adv. Doc. 34 ¶ 15; Adv. Doc. 36 ¶ 15.

[23] Prior Bankruptcy Case, Doc. 143.

[24] Prior Bankruptcy Case, Doc. 144.

Thereafter, Trahan asserted the Judgment Lien attached to the Malpractice Claim.[25] On July 15, 2020, the Court entered its *Order Finding That Rebekka Trahan Does Not Have Secured Interest in Debtors' Legal Malpractice Action and Denying Motion to Appoint a Chapter 11 Trustee*, which held the Judgment Lien did not extend to the Malpractice Claim, finding legal malpractice claims are not subject to execution by a judgment creditor.[26] On January 14, 2022, the Prior Bankruptcy Case was dismissed based on the Debtors' failure to propose a confirmable plan of reorganization.[27]

On May 10, 2022, Trahan filed a Motion for Writ of Garnishment directed to the insurer of the Debtors' former counsel in the State Court Action.[28] On or about May 12, 2022, the Debtors reached a settlement of the Malpractice Action (the "Settlement").[29] On or about May 23, 2022, a Writ of Garnishment was issued by the State Court and served on the insurer (the "Garnishment Lien").[30]

On September 14, 2022 (the "Petition Date"), the Debtors filed the underlying Chapter 7 bankruptcy case.[31] On their Schedule A/B, the Debtors listed the value of the Malpractice Claim at $1.5 million (the "Settlement Proceeds") as part of $2,563,260.41 in total assets.[32] The Debtors also scheduled $6,691,037.06 in total

---

[25] Prior Bankruptcy Case, Doc. 318.
[26] Prior Bankruptcy Case, Doc. 376.
[27] Prior Bankruptcy Case, Docs. 629, 630.
[28] Adv. Doc. 1 ¶ 26; Adv. Doc. 15 ¶ 26; Adv. Doc. 34 ¶ 26; Adv. Doc. 36 ¶ 26.
[29] Adv. Doc. 74, Pl.'s Ex. H.
[30] *Id.*
[31] This underlying Chapter 7 bankruptcy case, Case No. 3:22-bk-1860-JAB, is referred to herein as the "Main Case."
[32] Main Case Doc. 1, pp. 8 and 16.

liabilities in this case, including Trahan's claim in the amount of $4,643,000.[33] On November 29, 2022, Plaintiff initiated this adversary proceeding with the filing of a three count Complaint against Trahan, Florida Appeals and Trial Support, P.A. ("Florida Appeals"), ChildersLaw, LLC ("Childers"), and Mateer & Harbert, P.A. ("Mateer").[34]

In support of the Motion, Plaintiff filed: a copy of Trahan's Judgment Lien Certificate;[35] the Debtors' Notice of Appeal;[36] the Judgment;[37] the State Court Action Order Denying the Motion for New Trial;[38] a transcript of Spiderman Scott Mulholland's testimony under oath;[39] Debtors' Complaint for Legal Malpractice;[40] Trahan's Notice of Judgment Lien;[41] the Garnishment Lien;[42] the Notice of Settlement;[43] and New York Marine and General Insurance Company's response to Trahan's Writ of Garnishment.[44] Trahan submitted no summary judgment evidence in conjunction with her Response.

---

[33] Main Case, Doc. 1, pp. 8 and 33.
[34] Adv. Doc. 1. Count I seeks relief only against Trahan, Count II seeks relief as to all defendants, and Count III seeks relief only against Trahan and as to property other than the Malpractice Claim and Settlement Proceeds.
[35] Adv. Doc. 74, Pl.'s Ex. A.
[36] Adv. Doc. 74, Pl.'s Ex. B.
[37] *Id.*
[38] *Id.*
[39] Adv. Doc. 74, Pl.'s Ex. C.
[40] Adv. Doc. 74, Pl.'s Ex. D.
[41] Adv. Doc. 74, Pl.'s Ex. F.
[42] *Id.*
[43] Adv. Doc. 74, Pl.'s Ex. H.
[44] Adv. Doc. 74, Pl.'s Ex. I.

## CONCLUSIONS OF LAW

### A. Arguments

Through the Motion, Plaintiff asserts there is no genuine dispute as to any material fact and as a matter of law: (1) the Judgment Lien filed in 2018 does not create a lien on the Settlement Proceeds; (2) Trahan's Writ of Garnishment may have created a lien on the Settlement Proceeds, but her lien should be avoided as a preference; and (3) collateral estoppel applies to bar Trahan from relitigating the issue of whether the Garnishment Lien attaches to the Settlement Proceeds, since the issue was resolved by the court in the Prior Bankruptcy Case.

In response, Trahan asserts there is a genuine dispute as to material facts, including that the Debtors might not actually have been insolvent when they filed for bankruptcy and might have simply filed the case to avoid paying on the Judgment. Trahan also asserts Plaintiff is not entitled to summary judgment as a matter of law because: (1) collateral estoppel does not bar Trahan from relitigating the issue of whether the Trahan Garnishment Lien attaches to the Settlement Proceeds, since the Prior Bankruptcy case only dealt with the issue of whether the *potential* legal malpractice proceeds were subject to execution by the Judgment Lien, but never dealt with the issue of whether *actual* legal malpractice proceeds are subject to the same, so the current issue was never litigated; (2) applying 11 U.S.C. § 547(b)'s term "insider" to Trahan is contrary to public policy; (3) Trahan is entitled to an evidentiary hearing to argue against the application of 11 U.S.C. § 547(b)(5); (4) Trahan is entitled to an evidentiary hearing as to the issue of whether the Settlement was contingent, so

8

Trahan's lien could not have attached; (5) Trahan is entitled to an evidentiary hearing to discuss the priority of all the liens;[45] and (6) Trahan is entitled to an evidentiary hearing to argue that the Malpractice Claim was improperly managed and improperly settled.

Plaintiff's Reply asserts: (1) Trahan is not entitled to an evidentiary hearing as to whether her lien is avoidable as a preference because all the elements of 11 U.S.C. § 547 are met with respect to Trahan's Judgment Lien; (2) Trahan has not shown a need for an evidentiary hearing with regard to the Debtors' insolvency because, while Trahan cites to the filings in the Prior Bankruptcy Case, the date of insolvency can only be determined based on the Debtors' current bankruptcy case, and they were insolvent in the current case; and (3) under 11 U.S.C. § 547, Trahan is an insider, so Plaintiff may avoid her lien.

## B. Analysis

### 1. Trahan's Judgment Lien did not attach to the Settlement Proceeds.

Plaintiff admits that Trahan's Writ of Garnishment created a lien on the Settlement Proceeds but asserts the earlier obtained Judgment Lien did not create a lien on the Settlement Proceeds.[46] Further, Plaintiff argues that the issue was already

---

[45] With respect to this argument, one asserted lien against the Settlement Proceeds was resolved by settlement under the Motion for Approval of Compromise Regarding Secured Claim of Mateer & Harbert, P.A. and corresponding order dated June 8, 2023. *See* Main Case Docs. 124, 138. The allowance and priority of the liens asserted by Florida Appeals and Childers against the Settlement Proceeds will be addressed when the Court issues a ruling on Counts II and III of Plaintiff's Complaint. Accordingly, this argument provides no basis upon which to deny Plaintiff summary judgment on Count I of Plaintiff's Complaint.

[46] Adv. Doc. 74, p. 10.

9

decided in the Prior Bankruptcy Case. In response, Trahan asserts the Prior Bankruptcy Case only resolved the issue of whether *potential* legal malpractice proceeds are subject to execution by the Judgment Lien, but never dealt with the issue of whether *actual* legal malpractice proceeds are subject to the same, so the current issue was never litigated.[47]

"To invoke collateral estoppel, a party must demonstrate four elements," including that, "(1) the issue at stake must be identical to the one involved in the prior litigation…"[48] Since the present issue is not identical to the one in the Prior Bankruptcy Case, collateral estoppel does not apply. However, the Court can nonetheless dispose of the issue.

On October 8, 2018, Trahan obtained her Judgment Lien by filing an Electronic Judgment Lien Certificate with the Florida Secretary of State, which created a judgment lien on all the Debtors' non-exempt personal property.[49] "A judgment lien is a general lien which attaches to any property currently owned by the judgment debtor. It springs to life the minute the debtor acquires property to which it attaches."[50] Since the time of the Settlement, the Settlement Proceeds have been held by New York Marine and General Insurance Company, the insurer of the Debtors' attorneys in the

---

[47] Adv. Doc. 77, p. 2; *see* Prior Bankruptcy Case, Doc. 376.

[48] *Dixie Nat'l Life Ins. Co. v. McWhorter (In re McWhorter)*, 887 F.2d 1564, 1566 (11th Cir. 1989); s*ee also Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1180 (11th Cir. 2013), *abrogated on other grounds by CSX Transportation, Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333 (11th Cir. 2017).

[49] Adv. Doc. 74, Pl.'s Ex. A.

[50] *Owen v. Owen (In re Owen)*, 961 F.2d 170, 172 (11th Cir. 1992) (citing *Allison on the Ocean, Inc. v. Paul's Carpet*, 479 So. 2d 188, 190-91 (Fla. 3d DCA 1985)).

State Court Action.[51] Since the Debtors never acquired the Settlement Proceeds,

Trahan's Judgment Lien did not automatically attach to them.

### 2. Trahan's asserted garnishment lien, if perfected, would be avoidable as a preferential transfer.

#### a. The elements of a preference claim and corresponding burden of proof.

11 U.S.C. § 547(b) provides in pertinent part:

> **(b)** Except as provided in subsections (c) and (i) of this section, the trustee may, based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>> **(1)** to or for the benefit of a creditor;
>> **(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;
>> **(3)** made while the debtor was insolvent;
>> **(4)** made—
>> **...**
>>> **(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>> **(5)** that enables such creditor to receive more than such creditor would receive if—
>>> **(A)** the case were a case under chapter 7 of this title;
>>> **(B)** the transfer had not been made; and
>>> **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

The elements of 11 U.S.C. § 547(b) are satisfied if: (1) the debtor's interest in

property is transferred; (2) to or for the benefit of a creditor; (3) for or on account of an

antecedent debt owed by the debtor before such transfer was made; (4) made while the

debtor was insolvent; (5) made on or within 90 days before the date of the filing of the

---

[51] *See* Doc. 1 ¶ 35; Doc. 15 ¶ 35; Doc. 34 ¶ 35; Doc. 36 ¶ 35.

petition, or within one year of the filing of the petition if such creditor is an insider; and (6) the transfer enables such creditor to receive more than the creditor would receive in a case under Chapter 7 of the Bankruptcy Code. "[I]n an action to recover a preferential transfer pursuant to Section 547(b)(4)(A), the burden of proof is on the Trustee, who must establish by the preponderance of the evidence that he is entitled to a judgment as a matter of law."[52]

### b. *Trahan is a statutory insider for purposes of the Bankruptcy Code such that the look back period is one year from the date of the transfer.*

Under 11 U.S.C. § 101(31)(A), "insider" is defined as a relative of the debtor if the debtor is an individual, as are the Debtors. The parties agree Trahan is the daughter of the Debtors.[53] Merriam-Webster defines daughter as "a human female having **relation** of child to a parent.[54] Trahan is clearly a relative of the Debtors and therefore an "insider" as defined in § 101(31)(A).

Trahan would like the Court not to treat her as an insider,[55] but a daughter is a statutory insider under § 101(31), and "courts agree that once a party comes within the definition of an insider, no further inquiry is necessary."[56] "There appears to be no support for the proposition that a statutory, or per se, insider, can be anything other

---

[52] *Hyman v. Legion Ins. Co. (In re Scott Wetzel Servs., Inc.)*, 278 B.R. 613, 617 (Bankr. M.D. Fla. 2002).
[53] Adv. Doc. 1 ¶ 11; Adv. Doc. 15 ¶ 11; Adv. Doc. 34 ¶ 11; Adv. Doc. 36 ¶ 11.
[54]*Daughter*, Merriam-Webster.com (July 6, 2023), https://www.merriamwebster.com /dictionary/daughter (emphasis added).
[55] Adv. Docs. 15, 77.
[56] *In re Ponsen*, No. 11-17823-BFK, 2013 WL 5746118, at *7 (Bankr. E.D. Va. Oct. 22, 2013) (rejecting debtor's sister's argument that she was not a statutory insider as defined in § 101(31) because she was estranged from the debtor and had no control of the debtor's financial affairs).

than an insider."[57] "When the transferee is a per se insider, the court does not need to examine the actual nature of the relationship."[58] The statutory language alone is sufficient to establish that a relative is an insider regardless of any circumstances effecting the relationship. Regardless of any estrangement between Trahan and the Debtors, Trahan is "trapped in the category of insider" due to her status as the Debtors' daughter.[59] Since Trahan is an insider, "the trustee may seek to avoid any transfers made to [Trahan] within one-year prior to the [D]ebtor[s] filing [their] petition."[60]

### c. The Debtors were insolvent on May 23, 2022.

Trahan asserts that there is a genuine dispute as to whether the Debtors were insolvent at relevant times, relying on the Debtors' 2018 filings in the Prior Bankruptcy Case.[61] At the outset, the Court notes the relevant date of insolvency is established on the date of the transfer at issue.[62] The date of the transfer at issue in this proceeding is May 23, 2022, when Trahan secured the Garnishment Lien.[63]

---

[57] *Id.*

[58] *In re Enter. Acquisition Partners, Inc.*, 319 B.R. 626, 631 (B.A.P. 9th Cir. 2004) (quoting *In re Anderson*, 165 B.R. 482, 485 (Bankr. D. Or. 1994)).

[59] *In re Winn*, 127 B.R. 697, 699 (Bankr. N.D. Fla. 1991) (quoting *In re Ribcke*, 64 B.R. 663, 666 (Bankr. D. Md. 1986)).

[60] *Id.*

[61] Adv. Doc. 77, p. 3.

[62] *Friedman v. Ginsburg* (*In re David Jones Builder, Inc.*), 129 B.R. 682, 689 (Bankr. S.D. Fla. 1991).

[63] *See* Adv. Doc. 1 ¶ 26; Adv. Doc. 15 ¶ 26; Adv. Doc. 34 ¶ 26; Adv. Doc. 36 ¶ 26. *See also* Fla. Stat. § 77.06(1) (providing service of a writ creates a lien which attaches to the property at the time of service)*; Tardif v. Congro Finanz AG, et al (In re Engler)*, 394 B.R. 598, 603-4 (Bankr. M.D. Fla. 2008) (holding service of the writ fixed the lien on the properties in the hands of third parties who were indebted to the debtor).

An individual is insolvent when the amount of their debts is greater than the fair value of their property.[64] Here, the evidence is clear that the Debtors were insolvent at the time Trahan's Writ of Garnishment was served on May 23, 2022. First, the Debtors' current bankruptcy schedules, filed under penalty of perjury on September 14, 2022, identify $2,563,260.41 of assets and $6,691,037.06 in liabilities.[65] Included in the Debtors' scheduled assets is a claimed homestead valued at $935,000 with first and second mortgages in the amount of $701,279 and other claimed exempt assets. Even accounting for exempt assets and secured debts, the Debtors are insolvent by at least $4 million. Additionally, the Debtors' Schedules were prepared and filed just over three months after the Garnishment Lien was perfected. The Debtors' Statement of Financial Affairs, which was filed under penalty of perjury, further states that they did not dispose of or transfer any assets within one year of the Petition Date.[66] As a result, the Debtors' Schedules and Statement of Financial Affairs evidence that the Debtors were insolvent on May 23, 2022.

Also supporting a finding of insolvency is Trahan's own proof of claim in the amount of $6,091,160.31 ("Trahan's Claim").[67] Trahan clearly contradicts her position in this Adversary Proceeding that the Debtors were not insolvent by asserting

---

[64] 11 U.S.C. § 101(32)(A).
[65] Main Case, Doc. 1, p. 8.
[66] *See* Main Case, Doc. 1, pp. 48-51, 53.
[67] Adv. Doc. 77 ¶ 4.

in Trahan's Claim that she was secured by all non-exempt assets of the Debtors totaling $1,628,260.41 and unsecured in the amount of $4,462,899.99.[68]

Further supporting a finding of insolvency are two court-approved compromises in the Main Case. In the first compromise, the Debtors agreed to pay the bankruptcy estate $60,000 in complete settlement of the Trustee's turnover motion to resolve issues of exemption and a buyback of certain personal property.[69] In the second compromise, Plaintiff and Mateer agreed Mateer's secured claim against the Settlement Proceeds would be allowed in the amount of $499,500,[70] instead of the original claim amount of $562,195.28.[71] Even with the reduction of the Mateer claim by $62,695.28, the Debtors are still insolvent. These compromise motions demonstrate the available assets to pay creditors' claims, once liquidated, do not come close to the amount of the Debtors' unsecured claims in this Bankruptcy Case.

Trahan has offered no relevant evidence or argument to rebut the information contained in the Debtors' Schedules. Rather, Trahan has taken inconsistent positions in this Adversary Proceeding and in Trahan's Claim where she acknowledges the Debtors were insolvent. Quite simply, all relevant evidence clearly demonstrates the Debtors were insolvent on May 23, 2022.

---

[68] Main Case, Claim #11-1. *See also* Fed. R. Bankr. P. 3001.
[69] Main Case, Docs. 123 & 136.
[70] Main Case, Docs. 124 &138.
[71] Main Case, Claim #18 (this compromise resolved the claims in Count II of Plaintiff's Complaint as to Mateer).

#### d. The other elements of a preference action are satisfied.

The elements of 11 U.S.C. § 547(b) are satisfied in this case. Trahan is a creditor of the Debtors,[72] and the Garnishment Lien is a result of an antecedent debt created on account of the Trahan Judgment entered on August 23, 2018.[73] As already noted, the Debtors were insolvent at the time the Garnishment Lien was secured on May 23, 2022.[74] That transfer, by which Trahan, an insider, went from being an unsecured creditor to a secured creditor with respect to the Settlement Proceeds, occurred within one year of the Petition Date.[75] Lastly, if the Trahan Garnishment Lien encumbered the Settlement Proceeds, Trahan would receive far more than she will receive as an unsecured creditor sharing pro rata with other unsecured creditors in this case.[76]

### CONCLUSION

Based on the foregoing and the evidence in the record, Plaintiff has established that there is no genuine dispute as to any material fact and that he is entitled to summary judgment as a matter of law as to Count I of his Complaint. Accordingly, it is

**ORDERED:**

The Motion is GRANTED. A separate Judgment will be entered.

---

[72] *See* 11 U.S.C. § 547(b)(1).
[73] *See* 11 U.S.C. § 547(b)(2); Adv. Doc. 1 ¶ 26; Adv. Doc. 15 ¶ 26; Adv. Doc. 34 ¶ 26; Adv. Doc. 36 ¶ 26.
[74] *See* 11 U.S.C. § 547(b)(3).
[75] *See* 11 U.S.C. § 547(b)(4)(B).
[76] *See* 11 U.S.C. § 547(b)(5).

Clerk's Office to Serve